```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
FELICIA THOMAS,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       13-CV-5786(JS)(GRB)

ARMOR OF MEDICAL and NASSAU
COUNTY CORRECTIONAL FACILITY,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Felicia Thomas, pro se
                   13004577
                   Nassau County Correctional Center
                   100 Carman Avenue
                   East Meadow, NY 11554

For Defendants:    No appearances.
```

SEYBERT, District Judge:

On October 18, 2013, incarcerated pro se plaintiff Felicia Thomas ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against "Armor of Medical" ("Armor") and the Nassau County Correctional Facility (the "Jail") (together, "Defendants"), accompanied by an application to proceed in forma pauperis.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED WITHOUT PREJUDICE.

BACKGROUND[1]

Plaintiff's brief, handwritten Complaint, submitted on the Court's Section 1983 complaint form, alleges the following in its entirety:[2]

> On 9-18-13 at approximately 9:14 am I Felicia Thomas was given a pill called "Tapazolo" which is for thyroid and headaches which I didn't have when the pill was issued to me by Nurse "[indecipherable]" who told me that morning it (the pill) was for "acid reflux" I asked to see medical cause my throat was throbing! but was denied. This took place on D-345 (West Side).

(Compl. ¶ IV.) As a result, Plaintiff claims to have suffered "constant neck pain, upset stomach, contracting neck muscles after med (Tapazolo)." (Compl. ¶ IV.A.) According to Plaintiff, "the only treatment received was [B]engay, Tylenol and a blood test which the first time came back inconclusive so I had to do it again! They claim it wasn't enough blood." (Compl. at ¶ IV.A.) As a result, Plaintiff seeks "Justice!" as well as a monetary award of "[$]1.5 million for pain and suffering and being lied to." (Compl. at V.)

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

[2] Plaintiff's allegations are reproduced here exactly as they appear in the Complaint and errors in spelling, punctuation and grammar have not been corrected or noted.

2

DISCUSSION

I.   In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II.  Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

3

misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

4

A. <u>Claims Against Armor</u>

Plaintiff names Armor as a Defendant but does not include any factual allegations against it. The Court's research reveals that Armor Correctional Health, Inc. is "a private company contracted to perform medical services for inmates at the Nassau County Correctional Center." <u>See</u> <u>Gaines v. Armor Health Care, Inc.</u>, No. 12-CV-4666, 2012 WL 5438931, at *3 (E.D.N.Y. 2012) (citing <u>Briel v. Sposato</u>, No. 12-CV-2868, 2012 WL 3697806, at *5 (E.D.N.Y. Aug. 21, 2012) (additional citation omitted)).

It is well-established that "[a]nyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." <u>Filarsky v. Delia</u>, --- U.S. ----, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012). Thus, a private employer acting under color of state law may be held liable under Section 1983 for the acts of its employees where the unconstitutional act was authorized or undertaken pursuant to the official policy of the private entity employer and the employer was jointly engaged with state officials or its conduct is chargeable to the state. <u>Rojas v. Alexander's Dep't Store, Inc.</u>, 924 F.2d 406, 408-09 (2d Cir. 1990); <u>Dilworth v. Goldberg</u>, 914 F. Supp. 2d 433, 452 (S.D.N.Y. 2012); <u>Mejia v. City on New York</u>, 119 F. Supp. 2d 232, 275 (E.D.N.Y. 2000) (collecting cases). Moreover, there is no <u>respondeat</u> <u>superior</u> liability for Section 1983 claims and, in the absence of any allegations of individual liability, dismissal is

5

required. Minneci v. Pollard, --- U.S. ----, 132 S. Ct. 617, 625, 181 L. Ed. 2d 606 (2012); Southerland v. City of N.Y., 681 F.3d 122, 137 (2d Cir. 2012).

Here, as is readily apparent, Plaintiff has not alleged any facts to support a plausible Section 1983 claim against Armor. Wholly absent are any allegations sufficient for the Court to construe that Plaintiff's constitutional rights were violated pursuant to some policy, practice, or custom of Armor as is required by Monell v. Dept. of Social Servs., 436 U.S. 658, 691-94, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), and its progeny. Accordingly, Plaintiff's claim against Armor is sua sponte DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

B. Claims Against the Nassau County Jail

It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002). Thus, Plaintiff's claim against the Nassau County Jail is not plausible because the Jail has no legal identity separate and apart from Nassau County. Accordingly, this claim is DISMISSED WITH PREJUDICE. See Hawkins v. Nassau Cnty. Corr. Fac., 781 F. Supp. 2d 107, 109 at n. 1 (E.D.N.Y. 2011) (dismissing claims against Nassau

County Jail because it is an "administrative arm [] of the County of Nassau, and thus lacks the capacity to sue or be sued as a separate entity") (citations omitted).

IV. <u>Leave to Amend</u>

Given the Second Circuit's guidance that a <u>pro se</u> complaint should not be dismissed without leave to amend unless amendment would be futile, <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Upon such consideration, the Court GRANTS Plaintiff leave to file an Amended Complaint against a proper defendant in accordance with this Order by February 12, 2014. Any Amended Complaint shall be clearly labeled "Amended Complaint" and shall bear docket number 13-5786(JS)(GRB). If Plaintiff fails to file an Amended Complaint within the time allowed, the Complaint shall be DISMISSED WITH PREJUDICE. If Plaintiff timely files an Amended Complaint it shall be reviewed pursuant to 28 U.S.C. § 1915A(a).

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed <u>in forma pauperis</u> is GRANTED, however the Complaint is <u>sua sponte</u> DISMISSED WITHOUT PREJUDICE for failure to state a claim. However, Plaintiff is GRANTED leave to file an Amended Complaint against a proper defendant by February 12, 2014. If Plaintiff fails to file an Amended Complaint within the time

7

allowed, the Complaint shall be DISMISSED WITH PREJUDICE.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January  9 , 2014
       Central Islip, New York